IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01326-WJM-KLM

MINOR MICHAEL STILL,

      Applicant,

v.

MARY HERNDON, Administrative Service, U.S. Marshal, Colorado,
KEN DEAL, Deputy United States Marshal, Colorado, and
HARLEY LAPPIN, Director, Federal Bureau of Prisons,

      Respondents.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*.  The Court finds that further clarification is necessary regarding the administrative review process undertaken by the Bureau of Prisons ("BOP") with respect to issues in this case.

This case involves the execution of four separate prison terms to which Applicant was sentenced:

    (1) a nine-year term imposed by the District Court for the City and County of Denver in Case No. 97CR2258 on July 14, 1998;

    (2) a two-year term imposed by the District Court for the City and County of Denver in Case No. 05CR152 on March 28, 2005;

    (3) a 36-month term imposed by District Judge Robert E. Blackburn in Case No. 05-CR-00014-REB on June 24, 2005; and

    (4) a five-year term imposed by the Combined Court for Jefferson County in Case No. 05CR108 on June 25, 2007.

The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 2] filed on June 8, 2009 seeks, *inter alia*, an order directing BOP to consider Applicant's request that he receive credit towards the completion of his 36-month federal sentence for the time he served with the Colorado Department of Corrections ("CDOC") on his five-year sentence imposed in Case No. 05CR108. Applicant began serving his five-year sentence from Case No. 05CR108 with CDOC on June 25, 2007. As a practical matter, if BOP grants Applicant's request, it will designate, *nunc pro tunc*, the CDOC facility or facilities at which Applicant served his five-year sentence from Case No. 05CR108 as the place of service of his 36-month federal sentence beginning on June 25, 2007.

Respondents acknowledge that BOP is aware that Applicant has made a request for *nunc pro tunc* designation. *See September 28, 2009 Declaration of Craig T. Pickles* [Docket No. 18-9] at 2 ("[N]ow that [BOP's Designation and Sentence Computation Center ("DSCC")] has been informed that inmate Still requests a *nunc pro tunc* designation, his request has been appropriately forwarded within the DSCC and will be processed in accordance with 18 U.S.C. §§ 3584 and 3621(b) and BOP policy."). The Court now needs to know (1) whether BOP has considered Applicant's request in its entirety, and (2) whether it has decided to grant or deny the request. To obtain this information, the Court ordered the parties to file a status report indicating "[t]he current status of the Bureau of Prisons Designation and Sentence Computation Center's administrative review of Applicant's *nunc pro tunc* designation request (i.e., his request that the Colorado Department of Corrections facility or facilities at which he served his state sentence imposed in Case No. 05CR108 be designated, *nunc pro tunc*, as the place of service of his 36-month federal sentence imposed in Case No. 05-cr-00014-REB)." *Minute Order* [Docket No. 47] at 1.

In response to the Court's Order, the parties filed a Supplemental Joint Status Report [Docket No. 48].  After reviewing the Status Report, the Court finds that it does not provide the needed information.  It is not clear from the Status Report or the record in this case whether BOP has in fact considered whether Applicant should receive credit toward the completion of his 36-month federal sentence for the time he served on his five-year sentence from Case No. 05CR108.

In the Status Report, the parties state as follows: "On October 30, 2009, the [BOP] sent Applicant a letter denying his *nunc pro tunc* designation request[.]"  *Status Report* [#48] at 1, ¶ 2.  However, the letter to which the partes refer **does not mention Applicant's five-year sentence from Case No. 05CR108**.  *See id.* at 16-18 (October 30, 2009 letter from Delbert G. Sauers, Chief of DSCC to Applicant).  Accordingly, the letter does not establish that BOP has in fact considered whether Applicant should receive credit toward the completion of his 36-month federal sentence for the time he served on his five-year sentence from Case No. 05CR108.  Instead, the letter shows that BOP has considered whether Applicant should receive credit toward the completion of his federal sentence for time he served on his sentences from Case Nos. 97CR2258 and 05CR152.

The Court therefore finds that the Status Report [#48] is inadequate and unresponsive to the Court's request for information.  Moreover, the Court notes that the October 30, 2009 letter was already a part of the record in this case.  *See Supplement to Applicant'[s] 28 U.S.C. 2241 Petition* [Docket No. 33] at 6-7.  Respondents must provide evidence, in the form of documents or affidavits, that answers the specific question of whether BOP has considered granting Applicant credit toward the completion of his federal

sentence for the time he served on his five-year sentence from Case No. 05CR108. Accordingly,

IT IS HEREBY **ORDERED** that Respondents must file an updated status report and accompanying evidence addressing the question set forth above on or before **April 13, 2011**.

Dated:  April 4, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge