IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 09-cv-01326-WJM-KLM

MINOR MICHAEL STILL,

    Applicant,

v.

MARY HERNDON, Administrative Service, U.S. Marshal, Colorado,
KEN DEAL, Deputy United States Marshal, Colorado, and
HARLEY LAPPIN, Director, Federal Bureau of Prisons,

    Respondents.

---

**ORDER ON APRIL 18, 2011 RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on the April 18, 2011 Recommendation of United States Magistrate Judge ("Recommendation"). (ECF No. 55.) In this Recommendation, Magistrate Judge Kristen L. Mix recommends the Court deny Applicant's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Application"), ECF No. 2. The Magistrate Judge further recommends the Court (1) dismiss Applicant's first and second claims with prejudice; (2) dismiss Applicant's third claim without prejudice; and (3) grant Applicant leave to reassert his third claim should the Bureau of Prisons fail to consider Applicant's request to receive credit toward the completion of his federal sentence for time served on a state sentence. (ECF No. 55 at 26-27.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

On June 6, 2011, Applicant filed Applicant's Objection to Recommendation of the United States Magistrate Judge ("Objection"). (ECF No. 66.) In light of Applicant's Objection, the Court has conducted the requisite *de novo* review of the issues, the Recommendation, and the Objection. For the reasons stated below, the Court AFFIRMS and ADOPTS in part the Recommendation and REJECTS in part the Recommendation.

**BACKGROUND**

The Court here includes the facts as set forth in the Recommendation. On May 22, 2003, Applicant began a program of Intensive Supervision Parole ("ISP") with the Colorado Department of Corrections ("CDOC") while serving a nine-year sentence that was imposed by the Denver District Court in Case No. 97CR2258 on July 14, 1998 for "two counts of being a habitual criminal and one count of theft." *United States v. Still*, No. 05-cr-00014-REB, Docket No. 43 at 1, 2005 WL 3478350, at *1 (D. Colo. Dec. 20, 2005) (unreported decision) (Order Concerning Defendant's Petition for Writ of Habeas Corpus). (*See also* Supplement to Applicant's 28 U.S.C. § 2241 Petition ("Supplement"), ECF No. 33 at 6 (October 30, 2009 letter from the Federal Bureau of Prisons stating that Applicant was "sentenced in Case No. 97CR2258 to a . . . term of imprisonment").) On March 31, 2004, Applicant "escaped from ISP." (Reply to Preliminary Response of Respondents ("Reply"), ECF No. 17 at 6; *see* Supplement, ECF No. 33 at 6 (stating that Applicant "absconded" from March 31, 2004 until January 1, 2005).) A state warrant was issued for his arrest in Case No. 05CR152. (Reply, ECF No. 17 at 6.)

On December 30, 2004, a United States Magistrate Judge issued a warrant for Applicant's arrest in Case No. 05-cr-00014-REB on charges of pretending to be an employee of the Internal Revenue Service in violation of 18 U.S.C. § 912. *Still*, No. 05-cr-00014-REB, Docket No. 2 (D. Colo. Dec. 30, 2004) (Arrest Warrant). On January 1, 2005, Applicant was arrested by the Denver Police Department.[1] (*See* Answer, ECF No. 8 at 2; Reply, ECF No. 17 at 6.) On January 3, 2005, the Denver Police Department remanded Applicant to the temporary custody of the United States Marshal pursuant to a writ of habeas corpus *ad prosequendum* issued on the basis of the outstanding federal arrest warrant in Case No. 05-cr-00014-REB. (Reply, ECF No. 17 at 6; Supplement, ECF No. 33 at 6.) Applicant was indicted by the federal grand jury on January 4, 2005, and he was arraigned on January 10, 2005. *Still*, No. 05-cr-00014-REB, ECF No. 3 (D. Colo. Jan. 4, 2005) (Indictment); *id.*, ECF No. 8 (D. Colo. Jan. 10, 2005) (Courtroom Minutes for Arraignment). During the pendency of his federal case, Applicant remained in temporary federal custody. (*See* Reply, ECF No. 17 at 6 (stating that Applicant remained in federal custody during the period from January 3, 2005 through June 24, 2005).) *See also Still*, No. 05-cr-00014-REB, ECF No. 10 (D. Colo. Jan. 11, 2005) (Order of Detention).

---

[1] In his Objection, Applicant states that he was arrested on January 1, 2005 by the Denver Police Department on burglary charges and not because of an arrest warrant for escaping from ISP. (ECF No. 66 at 2.) However, in Applicant's Supplement, he states that on "January 01, 2005, the applicant was arrested by agents of the Denver Police Department and charged with the offense of escape from ISP (05CR152) in Denver County Colorado District Court." (ECF No. 17 at 6.) Whether Applicant was arrested pursuant to an arrest warrant issued following his escape from ISP or because of a burglary investigation, the Court does not find that the reason for Applicant's arrest on this date affects the outcome of the Recommendation or the Court's analysis of the Application.

While still in temporary federal custody, Applicant was convicted in Denver District Court of attempted escape in Case No. 05CR152. (Reply, ECF No. 17 at 6.) On March 28, 2005, he was sentenced to two years imprisonment with CDOC. (*Id.*; District Court City and County of Denver Sentencing Memorandum, ECF No. 18-1.) After this sentencing, Applicant remained in temporary federal custody pending resolution of his federal case.

On June 24, 2005, Applicant was sentenced in Case No. 05-cr-00014-REB to 36 months imprisonment with the Federal Bureau of Prisons ("BOP") after entering a guilty plea to one count of pretending to be an employee of the Internal Revenue Service in violation of 18 U.S.C. § 912. (Application, ECF No. 2 at 3; Judgment in Case No. 05-CR-00014-REB, ECF No. 18-2; *Still*, No. 05-cr-00014-REB, ECF No. 24 (D. Colo. Jun. 24, 2005) (Minutes of Sentencing Hearing).) This federal prison term was to be served consecutive to Applicant's undischarged state prison terms (*i.e.*, any time remaining to be served on the nine-year sentence imposed in Case No. 97CR2258 plus the two-year sentence imposed in Case No. 05CR152). *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Still*, No. 05-cr-00014-REB, ECF No. 43 at 1, 2005 WL 3478350, at *1 (D. Colo. Dec. 20, 2005) ("I have not ordered that Still's 36-month federal sentence be served concurrently with any of his pending state sentences.").

"After the June 24, 2005, sentencing hearing, [Applicant] was transported to a [CDOC] facility." *Still*, No. 05-cr-00014-REB, ECF No. 43 at 3, 2005 WL 3478350, at *1 (D. Colo. Dec. 20, 2005). (*See also* Prisoner Remand or Order to Deliver and Receipt for United States Prisoners, ECF No. 18-3 (showing that Applicant was remanded from

the custody of the United States Marshal to the custody of CDOC on June 27, 2005).) Applicant was to continue serving what remained of his original nine-year state sentence imposed in Case No. 97CR2258 plus the additional two-year state sentence imposed in Case No. 05CR152. On July 6, 2005, the United States Marshal filed a Detainer, ECF No. 18-4, with CDOC stating as follows: "Prior to [Applicant's] release from your custody, please notify this office at once so that we may assume custody of [Applicant] for service of his Federal sentence of imprisonment."

On May 6, 2007, Applicant was released on parole by CDOC. (Reply, ECF No. 17 at 6.) However, at the time of his release, CDOC located an outstanding warrant for his arrest on a charge of theft issued by the Jefferson County District Court in Case No. 05CR108. (*Id.*) Pursuant to the arrest warrant, Applicant was remanded from the custody of CDOC to the custody of the Jefferson County Jail. (*Id.*) Thus, rather than entering the custody of the United States Marshal pursuant to the Detainer, ECF No. 18-4, to begin service of his 36-month federal sentence, Applicant remained in state custody.

On June 25, 2007, Applicant pled guilty in Jefferson County District Court to one count of theft in violation of Colo. Rev. Stat. § 18-4-402. (*Id.* at 8 (document titled "Combined Court, Jefferson County, State of Colorado Judgment of Conviction in Case No. 05CR108").) Applicant was sentenced to five years imprisonment with CDOC. (*Id.*) The sentencing judge, Judge Randall C. Arp, indicated that the five-year sentence was to be served concurrently with Applicant's undischarged 36-month federal sentence. (*Id.*) After the sentencing, Applicant was conveyed from the Jefferson County Jail to the custody of CDOC. (*See id.*)

Applicant filed a petition for a writ of habeas corpus in state court "challeng[ing] the structure of the [imposed sentence] in case number 05CR108 and his place of confinement." (Application, ECF No. 2 at 4.) Applicant sought to be transferred from the custody of CDOC to the custody of the United States Marshal (and ultimately BOP) so that he could begin serving his 36-month federal sentence. (*See id.*) Applicant recognized that "the State of Colorado [would] give [him] credit [towards the completion of his five-year sentence imposed in Case No. 05CR108] for any time he serve[d] in federal custody" while "the federal government [would] not give [him] credit [towards the completion of his 36-month federal sentence imposed in Case No. 05-cr-00014-REB] for any time he serve[d] in state custody." (Reply, ECF No. 17 at 10 (quoting the response of the Attorney General of Colorado to Applicant's appeal of the denial of his application for a writ of habeas corpus that was filed in state district court).) Ultimately, the Colorado courts determined that (1) Applicant was lawfully in CDOC's custody, and (2) they were powerless to order the United States Marshal or BOP to take custody of Applicant.

On July 24, 2008, the United States Marshal filed a new Detainer, ECF No. 18-7, with CDOC stating as follows: "Prior to [Applicant's] release from your custody, please notify this office at once so that we may assume custody of [Applicant] for service of his Federal sentence of imprisonment."

On February 3, 2011, Applicant was released on parole by CDOC. (Motion to Supplement the Record, ECF No. 67 at 18 (Parole Agreement).) Applicant is now in the custody of BOP serving the 36-month sentence imposed in Case No. 05-cr-00014-REB. (Joint Status Report, ECF No. 45 at 3.)

On June 8, 2009, Applicant filed the instant Application, ECF No. 2. The Magistrate Judge issued a Recommendation, ECF No. 55, on April 18, 2011, and Applicant timely submitted Applicant's Objection to Recommendation of the United States Magistrate Judge, ECF No. 66, on June 6, 2011.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 10 days after the Magistrate Judge issues her recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In considering the Magistrate Judge's Recommendation in the instant case, the Court is mindful of Applicant's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal

construction is intended merely to overlook technical formatting errors and other defects in Applicant's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Applicant of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Magistrate Judge properly stated that Applicant's Application is reviewed pursuant to 28 U.S.C. § 2241(c), which provides as follows:

> The writ of habeas corpus shall not extend to a prisoner unless—
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

**DISCUSSION**

**I.     Applicant's First Claim**[2]

In the first claim for relief, Applicant contends that Respondents violated unspecified "constitutional rights" by remanding him to the custody of the CDOC on June 27, 2005 instead of retaining custody so that he could immediately begin serving his 36-month federal sentence. (Application, ECF No. 2 at 6.) The Magistrate Judge found that because Applicant has since been transferred to the custody of the BOP, this request for relief is now moot. (ECF No. 55 at 14.) The Magistrate Judge recommends that this claim be dismissed with prejudice. (*Id.* at 26.)

The Applicant did not object to this portion of the Magistrate Judge's Recommendation. The Court therefore adopts the Recommendation as the findings and conclusions of the Court with relation to Applicant's first claim.

**II.    Applicant's Second Claim**[3]

In the second claim for relief, Applicant contends that BOP violated the rights guaranteed to him by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution by failing to designate CDOC facilities as the place of service of his 36-month federal sentence at the time he entered CDOC custody on June 27, 2005. (Application, ECF No. 2 at 9.) The Magistrate Judge found that because Applicant's 36-

---

[2] In the Application, this claim is "Claim Two," but the Magistrate Judge found, and this Court agrees, that it is most logical to address it first.

[3] In the Application, this claim is "Claim Three," but the Magistrate Judge found, and this Court agrees, that it is most logical to address it second.

month federal sentence was to run consecutive to the completion of his state sentences from Case Nos. 97CR2258 and 05CR152, BOP was not required to designate CDOC facilities as the place of service of the federal sentence at the time Applicant was remanded to CDOC custody on June 27, 2005. (ECF No. 55 at 19.) The Magistrate Judge recommends that this claim be dismissed with prejudice. (*Id.* at 26.)

The Applicant did not provide a specific objection to this portion of the Magistrate Judge's Recommendation. The Court, therefore, need not conduct a *de novo* review of this claim. Upon consideration of the Recommendation as to claim two, the Court here adopts the Recommendation as the findings and conclusions of the Court with relation to Applicant's second claim.

## III. Applicant's Third Claim[4]

In his third claim for relief, Applicant contends that he was denied due process when he contacted the BOP after his sentencing in Case No. 05CR108 in an effort to have CDOC facilities designated as the place of service of his 36-month federal sentence beginning on June 25, 2007, which is the date of sentencing in Case No. 05CR108. (Application, ECF No. 2 at 6.) Applicant here seeks an order directing BOP to designate, *nunc pro tunc*, CDOC facilities as the place of service of his 36-month federal sentence beginning on June 25, 2007. (*See id.*)

The Magistrate Judge found that Applicant is here asserting a *Barden*[5] claim,

---

[4] In the Application, this claim is "Claim One," but the Magistrate Judge found, and this Court agrees, that it is most logical to address it third.

[5] Pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

which only provides relief in the form of an order directing the BOP to examine and consider Applicant's request for *nunc pro tunc* designation. (ECF No. 55 at 26.) At the time the Recommendation was issued, the BOP was then considering whether a *nunc pro tunc* designation was appropriate in this case. (*Id.*) The Magistrate Judge accordingly recommended that Applicant's third claim be dismissed without prejudice and that Applicant be granted leave to reassert his *Barden* claim in the event that the BOP failed to complete its consideration of whether he should receive credit toward the completion of his federal sentence for time served on his state sentence from Case No. 05CR108. (*Id.* at 27.)

Since the Recommendation was issued, Respondents have submitted a Status Report, ECF No. 70, stating that the BOP has conducted its *Barden* analysis and is denying Applicant's request. Given these changed circumstances, the factual predicate for the Magistrate Judge's ruling on this claim no longer obtains. The Court must therefore conduct its own *de novo* review of Applicant's third claim for relief.

On June 25, 2007, Applicant plead guilty to one count of theft in Case No. 05CR108. (Reply, ECF No. 17 at 8.) Judge Arp sentenced Applicant to five years imprisonment, to be served concurrently with Applicant's undischarged 36-month federal sentence. (*Id.*) Since receiving this sentence, Applicant has remained in the custody of the CDOC and has not been given credit toward the completion of his 36-month federal sentence. (*See* Reply, ECF No. 17 at 10 ("the federal government will not give Still credit for any time he serves in state custody").) The Recommendation correctly notes that, generally, a federal prisoner is not entitled to credit on his federal sentence for time spent in state custody. *See Bloomgren v. Belaski*, 948 F.2d 688, 690

-11-

(10th Cir. 1991). Thus, BOP is not required to give Applicant credit for the time that he was serving his five-year sentence in the custody of the CDOC from Case No. 05CR108. Further, pursuant to 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." This Court does not have jurisdiction to issue an order *nunc pro tunc* directing the BOP to give Applicant credit for time spent in state custody. *See U.S. v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

Applicant argues in his Objection that serving his 36-month federal sentence consecutive to his five-year state sentence violates the terms of his plea agreement. (Objection, ECF No. 66 at 16.) Applicant further argues that a federal judge may not direct a federal sentence be served consecutively to a state sentence not yet imposed. (*Id.* (citing *United States v. Clayton*, 927 F.2d 491, 493 (9th Cir. 1991).) The Tenth Circuit, however, has held that there is nothing barring "a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed." *United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995). Additionally, as noted in *Barden*, "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." 921 F.2d at 478 n.4 (citing U.S. Const. art. VI, cl. 2). Thus, while BOP's decisions requiring Applicant to serve his five-year state sentence consecutively instead of concurrently with his 36-month federal sentence is not in the spirit of the state court's order, it does not violate Applicant's state plea agreement.

In *Barden v. Keohane*, the Court of Appeals for the Third Circuit held that when a federal prisoner makes a request to receive credit toward the completion of his federal sentence for time served on a state sentence, the BOP has "an obligation . . . to look at

[Applicant's] case and exercise the discretion the applicable statute grants the [BOP] to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*." *Barden*, 921 F.2d 476, 478 (3d Cir. 1990). Under *Barden*, however, it must be stressed that the BOP is given broad discretion in making this determination. *Id.*

Pursuant to an Order entered by the Magistrate Judge requesting Respondents address the issue of "whether BOP has considered granting Applicant credit toward the completion of his federal sentence for the time served on his five-year sentence from Case No. 05CR108," ECF No. 50 at 3-4, the BOP began review of Applicant's request for *nunc pro tunc* designation as it relates to Case No. 05CR108. (ECF No. 54.)

Respondents have provided the Court with the following BOP policy: "If an inmate makes a request to [BOP] for a '*nunc pro tunc*' designation (*i.e.*, occurring now as though it had occurred in the past) of his state institution as a federal institution, [BOP] will review the request under the provisions of 18 U.S.C. § 3624(b), as set forth in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)." (Answer, ECF No. 18 at 10.)

Respondents also set forth BOP's procedure for reviewing such requests:

> In making the determination whether a designation for concurrent service may be appropriate, [BOP] will send a letter to the sentencing court inquiring whether the court has any objections. If a response is not received from the sentencing court within 60 days, the bureau will address the issue and make a final decision. Inmates must exhaust these remedies before seeking relief in a district court.

(*Id.* at 11 (internal citations omitted); *see* BOP Program Statement No. 5160.05, ECF No. 8-13 (providing "instructions for the designation of a state institution for concurrent service of a federal sentence").)

The BOP contacted the federal sentencing court on April 8, 2011, to inquire

whether the court thought such a designation would be appropriate. (Melick Decl., ECF No. 54-1 at 1 ¶ 4.) No response was received. (Melick Decl., ECF No. 70-1 at 4 ¶ 4.) After considering all of the factors pursuant to 18 U.S.C. § 3621(b), the BOP "determined a *nunc pro tunc* designation would not be consistent with the goals of the criminal justice system, and is not appropriate in this case." (*Id.* at 1 ¶ 4.)

As previously stated, this Court does not have jurisdiction to order the BOP to designate, *nunc pro tunc*, Applicant's time served on his five-year sentence in CDOC custody as the place of his federal confinement. Because the Court lacks authority to provide the relief requested in Applicant's third claim, this claim must be dismissed with prejudice.

## IV.    Evidentiary Hearing and Appointment of Counsel

In his Objection, Applicant contends that the Magistrate Judge erred in not holding an evidentiary hearing regarding the issues presented in his Application, and in not appointing counsel to represent him in these matters. (Objection, ECF No. 66 at 9, 11.)

As to Applicant's argument regarding appointment of counsel, "there is no constitutional right to counsel in a habeas proceeding." (Magistrate Judge Order Denying Motion Requesting Assignment of Counsel, ECF No. 30 (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).) The Magistrate Judge appropriately denied Applicant's Motion on October 29, 2009, *id.*, and this decision is not here open to review as it was not addressed in the Recommendation.

As for Applicant's argument that he should have been afforded an evidentiary hearing, the Court notes that no hearing is necessary where "there is nothing in the

record that indicates [the Applicant] is entitled to any relief." *Stouffer v. Workman*, 348 F. App'x 401, 405 (10th Cir. 2009). In this case, the issues to be addressed were appropriately decided on the briefing alone, and an evidentiary record was not necessary. Therefore, the Court holds that the Magistrate Judge properly determined that an evidentiary hearing on Applicant's claims was not necessary.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Recommendation of the Untied States Magistrate Judge, ECF No. 55, filed April 18, 2011, is AFFIRMED and ADOPTED in part and REJECTED in part. For the reasons cited in the Recommendation and in this Order,

IT IS HEREBY ORDERED that:

1) Applicant's first claim is DISMISSED with prejudice;

2) Applicant's second claim is DISMISSED with prejudice; and

3) Applicant's third claim is DISMISSED with prejudice.

It is THEREFORE ORDERED that Applicant's Application, ECF No. 2, is DENIED in its entirety.

It is FURTHER ORDERED that:

1) Applicant's Objection to Recommendation of the United States Magistrate Judge, ECF No. 66, is OVERRULED; and

2) Applicant's original documents filed as Applicant's Motion to Supplement the Record, ECF No. 67, and all documents referred to in the Magistrate Judge's October 29, 2009 Minute Order, ECF No. 31, be returned to Applicant.

Dated this 26th day of September, 2011.

BY THE COURT:

_____
William J. Martinez
United States District Judge