**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-01326-WJM-KLM

MINOR MICHAEL STILL,

    Applicant,

v.

MARY HERNDON, Administrative Service, U.S. Marshal, Colorado,
KEN DEAL, Deputy United States Marshal, Colorado, and
HARLEY LAPPIN, Director, Federal Bureau of Prisons,

    Respondents.

---

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

---

This matter is before the Court on Minor Michael Still's Motion for Re-Hearing Pursuant to Rule 59(a)(2), in which he (1) asks the Court to revisit its decision denying Still's 28 U.S.C. § 2241 petition, (2) argues that the Court should have held an evidentiary hearing on the merits of the petition, and (3) argues that the Court should have appointed counsel for Still. (ECF No. 79.) The Court construes Still's Motion as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) (the "Motion for Reconsideration").[1] So construed, the Motion for Reconsideration is DENIED. Still has also filed a "Motion Requesting Waiver of Certificate of Appealability

---

[1] Federal Rule of Civil Procedure 59(a)(2) pertains to actions a court may take "[a]fter a nonjury trial." In this action, no trial was held (to a jury or to the court). Instead, the Court denied Still's § 2241 petition on the pleadings and other filings in the case. Therefore, Federal Rule of Civil Procedure 59(a)(2) does not apply. *See, e.g.*, *Johnson v. Beckstrom*, No. 08-194, 2011 WL 3439135, at *1 n.1 (E.D. Ky. Aug. 5, 2011) (construing habeas petitioner's post-judgment motion brought under Fed. R. Civ. P. 59(a)(2) as a Rule 59(e) motion).

on Appeal," which the Court also DENIES.

## I. ANALYSIS

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Still's Motion for Reconsideration does not point to any intervening change in law applicable in this case, or to any new evidence previously unavailable in this case. Thus, it is clear Still is arguing that the Court clearly erred in denying his § 2241 petition, declining to hold an evidentiary hearing on the petition, and declining to appoint counsel to represent Still.

In so arguing, Still merely reiterates arguments already made to the Court. This alone is a basis to deny the Motion. *See Servants of the Paraclete*, 204 F.3d at 1012 (holding that a party moving to reconsider a prior ruling should not "revisit issues already addressed"); *All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

Further, as to this Court's decision to deny Still's habeas petition, the Motion for Reconsideration does not raise any specific argument regarding how the Court erred as to its decision on the merits. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (affirming district court's denial of motion for reconsideration where motion contained only conclusory statements and meritless arguments).

Instead, the Motion for Reconsideration primarily challenges the Magistrate Judge's decision and this Court's decision to decline to hold an evidentiary hearing in the case. However, as pointed out by the Court in its September 26, 2011 order, a district court need not hold an evidentiary hearing in a habeas case where "there is nothing in the record that indicates [the petitioner] is entitled to any relief." *Stouffer v. Workman*, 348 F. App'x 401, 405 (10th Cir. 2009); *see also Wilson v. Oklahoma*, 335 F. App'x 783, 784 (10th Cir. 2009); *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). In the September 26, 2011 Order, the Court held that "the issues to be addressed [are] appropriately decided on the briefing alone, and an evidentiary record [is] not necessary." (ECF No. 74, at 15.) In the Motion for Reconsideration, Still does not raise any specific argument calling into question this conclusion.

Lastly, the Motion for Reconsideration argues that Still should have been appointed an attorney, given the complexity of the case. However, again as pointed out by the Court in its September 26, 2011 Order, there is no constitutional right to counsel in a habeas proceeding. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Where no evidentiary hearing was held, the Court acted well within its discretion by declining to appoint counsel. *See id.* (stating that the petitioner "who was not entitled to an evidentiary hearing, has not demonstrated that he was entitled to counsel"); *Purkey v. Kansas*, 281 F. App'x 824, 830 (10th Cir. 2008) ("Generally appointment of counsel in a [habeas] proceeding is left to the court's discretion. The district court's denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.") (citations, quotations, brackets, and ellipses omitted).

As for Still's "Motion Requesting Waiver of Certificate of Appealability on Appeal,"

the Motion itself correctly indicates that Still does not need a certificate of appealability in order to appeal this Court's judgment denying his petition brought under 28 U.S.C. § 2241.  (ECF No. 81.)  *See also Curtis v. Chester*, 626 F.3d 540, 543 n.1 (10th Cir. 2010).  The Motion is denied on this basis.

## II. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1) Minor Michael Still's Motion for Re-Hearing Pursuant to Rule 59(a)(2) (ECF No. 79) is DENIED; and

(2) Still's Motion Requesting Waiver of Certificate of Appealability on Appeal (ECF No. 81) is DENIED.

Dated this 12th day of April, 2012.

BY THE COURT:

William J. Martínez
United States District Judge